IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT KNOXVILLE
January 23, 2024 Session

## STATE OF TENNESSEE v. AARON MICHAEL KING

**Criminal Court for Knox County**
**No. 114248**

---

**No. E2021-01375-CCA-R3-CD**

---

ROBERT H. MONTGOMERY, JR., concurring in part and dissenting in part.

I join in the majority in concluding that the evidence is sufficient to support the Defendant's kidnapping convictions and that the trial court did not err in denying the motion for a mistrial. However, I part ways with the majority's analysis and conclusion regarding the court's denial of a new trial based upon defense counsel's personal, concurrent conflict of interests. For the reasons that follow, I conclude that the record fails to support a conclusion that the Defendant was assured his constitutional right to a fair trial and that due process requires that he receive a new trial. *See* U.S. Const. amends. VI (guaranteeing a criminal defendant's right to counsel), XIV, §1 (no State shall "deprive any person of life, liberty, or property, without due process of law"); Tenn. Const. art. 1, §§ 6 (guaranteeing a criminal defendant's right to a jury trial), 9 (rights of a criminal defendant); *Strickland v. Washington*, 466 U.S. 668, 684-85 (1984) (stating that the right to counsel exists to protect a criminal defendant's fundamental right to a fair trial, which is rooted in the Due Process Clause); *see also Smith v. State*, 357 S.W.3d 322 , 336 (Tenn. 2011).

I agree with the majority that trial counsel had a personal, concurrent conflict of interest. The minimal procedure the trial court employed when it was notified of the conflict on the fourth day of the trial after the *Momon* hearing and after the close of proof was far from adequate to inform the Defendant of how the conflict could affect him, to ascertain his understanding of the matter, and to assure that he desired to provide a constitutionally valid waiver of the conflict. *See Barker v. Wingo*, 407 U.S. 514, 525 (1972). I also agree with the majority that *Cuyler v. Sullivan*, 446 U.S. 335 (1980), provides the proper framework for analyzing whether the Defendant is entitled to relief. As the majority has explained, a trial court's failure to conduct an adequate inquiry into a conflict of interests is not sufficient, alone, to warrant reversal in the absence of a timely objection to the conflict during the trial. *Cuyler*, 446 U.S. at 348.

The majority faults the Defendant in the present case for not objecting *during the trial* and, instead, raising his objection during his sentencing allocution and later, after the appointment of substitute counsel, raising it in his motion for a new trial. The majority considers these actions not to have been a timely objection. I disagree. The discussion of the conflict of interests, which occurred after the close of proof at the trial and after the Defendant first learned of the conflict, was hardly a neutral judicial inquiry into the propriety of the representation and the Defendant's understanding of the actual conflict. Rather, the trial court assured the Defendant that, in the court's opinion, defense counsel and the prosecutor were zealous and ethical advocates. The judge disclosed his own prior, collegial relationship with defense counsel from the judge's time in private practice. The Defendant stated that he had confidence in his counsel and the prosecutor and that he was not concerned about the attorneys' relationship as judicial candidate and campaign treasurer. The court did not question the Defendant to ensure his understanding of the conflict of interests, did not give the Defendant an opportunity to consult with independent counsel, and did not clarify that the Defendant's purported waiver of the conflict was knowingly and voluntarily given. In my view, the Defendant cannot be faulted for not objecting at this point, having just learned of the conflict and having been assured by the court that he had no cause for concern.

Ultimately, the Defendant expressed his objection at the sentencing hearing regarding his representation by an attorney operating with a conflict of interests. Although the majority faults the Defendant for not filing a pro se post-trial motion related to the conflict of interests issue in the approximate two and one-half months between the trial and the sentencing hearing, it is well-settled that a party who is represented by counsel may not simultaneously proceed pro se. *See, e.g.*, *State v. Smith*, 492 S.W.3d 224, 242 (Tenn. 2016). Indeed, the Defendant brought his concerns to the trial court's attention at the time when it was appropriate for him to speak directly to the court – his sentencing allocution – at which point his counsel moved to withdraw. After the Defendant's verbal objection, he filed a pro se motion to have counsel removed as his attorney, the court granted the motion to withdraw and appointed substitute counsel, and the conflict of interests issue was raised as a grounds for relief in the motion for a new trial filed by substitute counsel. Tennessee Rule of Appellate Procedure 3(e) requires that, for an issue related to "misconduct of . . . counsel" to be preserved for appellate review, it must be raised in a motion for a new trial. It follows, then, that the motion for a new trial is an appropriate, and therefore timely, juncture at which to raise such an issue in the trial court.

In reaching this conclusion regarding the timeliness of the objection, I note that the present case does not involve a situation in which the Defendant initially gave a knowing and intelligent waiver of counsel's conflict of interests and later had a change of heart after an adverse verdict was returned. The Defendant in this case was deprived of a thorough

-2-

inquiry into the conflict by the trial court, he did not have the opportunity to consult with independent counsel, and the court failed to ensure that the Defendant's purported waiver was knowing and intelligent. Likewise, the Defendant's counsel failed to ensure that the court made the appropriate inquiries on the record and that the record likewise memorialized a knowing and intelligent waiver by the Defendant.

Because I conclude that the Defendant's objection to the representation and the attendant conflict of interests was timely, I also conclude that the Defendant was represented at his trial, a critical stage of the proceedings, by a conflict-laden attorney without the trial court's having ascertained that the Defendant knowingly and intelligently consented to the representation despite the existence of the conflict. Therefore, I conclude that *Cuyler* compels reversal of the Defendant's convictions and the grant of a new trial, at which the Defendant's constitutional right to counsel shall be preserved. *See* U.S. Const. amends. VI, XIV, §1; Tenn. Const. art. 1, §§ 6, 9; *Cuyler*, 446 U.S. at 348.

For these reasons, I conclude that the trial court erred in denying the motion for a new trial as to this issue. I would reverse the Defendant's convictions and remand the case for a new trial.

_____
ROBERT H. MONTGOMERY, JR., JUDGE